UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| RANI H. SAMUEL, | CIV. 07-4051 |
| Plaintiff, | |
| vs. | |
| CITIBANK, N.A., LONG TERM DISABILITY PLAN, a/k/a Citigroup Long Term Disability Plan, | ORDER ON MOTION TO RECONSIDER COURT'S ORDER OF OCTOBER 3, 2007 |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is plaintiff's motion "to permit limited, but thorough, discovery of any incentives and methods MetLife may have concerning predisposition to deny long term disability claims through the use of unfair biased practices and tactics, especially their practice of misrepresenting non-independent physician consultation reviews as "independent." (Doc. 29). Previously an Order was filed which disallowed discovery of matters outside the administrative record (Doc. 23). Plaintiff's motion is to reconsider the Order disallowing discovery outside of the administrative record.

The administrative record was filed after this Order was filed. (Doc. 25). Plaintiff wants to address the administrative record "to show the Court that a conflict of interest does, in fact, exist and did, indeed, affect the Claims Administrator's decision such that Affiant did not receive a 'full and fair' review or a 'well-reasoned' decision, and that serious procedural irregularities have occurred which require discovery not only to determine the standard of conduct but, in addition, to determine the ultimate affect of the conflict of interest and the serious procedural irregularities on the administrative decision itself." Doc. 29, pg. 2. Plaintiff on pages 2-10 of her affidavit presents facts

and argument with references to medical records to support her request to discover matters outside the administrative record. *See* Doc. 29.

The parties have filed arguments supporting their respective positions (Docs. 28, 33, 35, 36, 37, 39, & 40). Additionally defendant has moved to strike from the administrative record a letter from plaintiff's counsel and the attachments to the letter. (Doc. 34).

After the Order disallowing discovery outside the administrative record was filed the United States Supreme Court decided a pertinent case. Metropolitan Life Ins. Co. v. Glenn, — U.S. — , 128 S. Ct. 2343 (2008). The Supreme Court decided in Glenn that a plan administrator which both evaluates claims for benefits and pays benefit claims is operating under a conflict of interest. After Glenn the Eighth Circuit Court of Appeals observed that Glenn did not change the standard of review. Wakkinen v. Unum Life Ins. Co. of America, 531 F. 3d 575, 581 (8th Cir. 2008). In a plan which gives the plan administrator discretion to evaluate and pay claims under the ERISA, the administrator's conflict of interest is one of the factors to be considered. Id. The conflict of interest can be a tiebreaker where the other factors are closely balanced. Id. Wakkinen adhered to the principle that "[w]e examine only the evidence that was before the administrator when the decision was made, and we are to determine whether a reasonable person could have- not would have- reached a similar decision. Wakkinen at 583.

Defendant's motion to strike (Doc.34) will be decided when the decision on the merits is made. A new Scheduling Order will be filed contemporaneously. The previous Order disallowing discovery (Doc. 23) has been reconsidered in light of Glenn and Wakkinen and it is

ORDERED that plaintiff's motion for reconsideration of the Court's Order dated October 3, 2007 has been considered and the renewed request to allow discovery outside the administrative record (Doc. 29) is DENIED.

Dated this 3rd day of September, 2008.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge