
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RANI H. SAMUEL, | * | CIV. 07-4051 |
| Plaintiff, | * | |
| -vs- | * | |
| | * | ORDER ON MOTION |
| CITIBANK, N.A., LONG TERM | * | FOR RECONSIDERATION |
| DISABILITY PLAN, a/k/a Citigroup | * | |
| Long Term Disability Plan, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Samuel has requested reconsideration of the remand to MetLife. Samuel furnished a recent Eighth Circuit Court of Appeals decision to support her request. *Hackett v. Standard Insurance Company*, __ F.3d __, 2009 WL703235 (8th Cir. 2009).

*Hackett*, like *Wakkinen* before it, explains how to apply a conflict of interest to decide whether there is an abuse of discretion. *Hackett* at *5; *Wakkinen v. Unum Life Ins. Co. of America*, 531 F.3d 575, 581 (8th Cir. 2008). *Wakkinen* was previously considered in this case when Samuel moved to reconsider a previous Order in this case. (Doc. 41). *Hackett* and *Wakkinen* are cases in which the Eighth Circuit Court of Appeals explains how the recent Supreme Court case of *Glenn* applies. *Metropolitan Life Insurance Co. v. Glenn*, ---U.S. ---, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

Previously Samuel asked this court to allow discovery outside the administrative record (Doc. 18). The request was denied (Doc. 23) because good cause for discovery of matters outside the administrative record had not been established. Samuel asked for reconsideration of Order denying discovery outside the administrative record in light of *Glenn* (Docs. 28 & 29). Samuel argued that

under *Glenn* a conflict of interest existed because Metlife was both the administrator and the insurance company which paid Plan benefits. The request for discovery outside the administrative record was again denied (Doc. 41). In the decision denying Samuel's motion to reconsider it was said:

> After the Order disallowing discovery outside the administrative record was filed the United States Supreme Court decided a pertinent case. Metropolitan Life Ins. Co. v. Glenn, -- U.S. -- , 128 S. Ct. 2343 (2008). The Supreme Court decided in Glenn that a plan administrator which both evaluates claims for benefits and pays benefit claims is operating under a conflict of interest. After Glenn the Eighth Circuit Court of Appeals observed that Glenn did not change the standard of review. Wakkinen v. Unum Life Ins. Co. of America, 531 F. 3d 575, 581 (8th Cir. 2008). In a plan which gives the plan administrator discretion to evaluate and pay claims under the ERISA, the administrator's conflict of interest is one of the factors to be considered. Id. The conflict of interest can be a tiebreaker where the other factors are closely balanced. Id. Wakkinen adhered to the principle that "[w]e examine only the evidence that was before the administrator when the decision was made, and we are to determine whether a reasonable person could have- not would have- reached a similar decision. Wakkinen at 583.

(Doc. 41).

The Eighth Circuit Court of Appeals has said the same thing in both *Wakkinen* and *Hackett*, i.e. that a conflict of interest does not change the standard of review, but rather a conflict should be weighed as a factor in determining whether there is an abuse of discretion." *Hackett* at * 5; *Wakkinnenin* at 581-583. It was established by *Glenn* that MetLife is acting under a conflict of interest because it is both the Plan Administrator and the insurance company which pays the benefits. In this case, however, the conflict of interest is not a tiebreaker to which the court needs to resort in the event of a tie. There is no tie.

There was an abuse of discretion as a result of MetLife's posing the wrong question to its Independent Physician Consultant, but not as a result of the conflict of interest. Samuel wants this

2

court to decide de novo that she is entitled to benefits as a result of the opinions in the Administrative Record from her medical providers, psychologist Dr. Anderson and Dr. Hansen, M.D. The appropriate judicial response to MetLife's abuse of discretion is to remand the case to MetLife to complete the record rather than to act as a claims administrator and make a de novo decision based on an incomplete record.

At first blush one could argue that the finding of an abuse of discretion justifies a reversal with directions to pay benefits rather than remand to consider whether benefits should be paid. The occurrences in Samuel's file compel a different conclusion. MetLife's conflict of interest did not affect the benefits decisions at any time during the claims process. MetLife first allowed STD benefits. At the conclusion of the STD benefit period, MetLife received a report from Samuel's own treating orthopedic physician which said she could return to work at her regular job full time without restrictions. MetLife gave the report to an Independent Physician consultant for review and recommendation. MetLife's denial of LTD benefits was based on this independent review. Samuel appealed the decision, but did not submit any new information. During the appeals process MetLife initiated attempts to secure new medical information from Samuel, but none was furnished (Samuel had the burden to supply the information, but did not). A different claims person who had not previously reviewed the file reviewed the file on appeal and submitted the medical information to a second Independent Physician Consultant. The appropriate question about Samuel's ability or disability to perform the functions of her own occupation was posed to this second Independent Physician Consultant. Based upon the evaluation by the second Independent Physician Consultant, the appeal was denied. Samuel was advised of the decision and the reasons for the decision. She was advised she had exhausted her administrative remedies.

Samuel then secured counsel who ten weeks later submitted new information from medical providers who examined Samuel after the appeal time had expired. MetLife accepted the new medical information and submitted the new information to a third Independent Physician Consultant. The Third Independent Medical Consultant mentioned the possibility that psychological problems were involved. Here is where the wrong question was posed. As a result of this report the issue about psychological illness was posed to Dr. Anderson. He advised that he had diagnosed major depression. He said her pain and her depression combined to cause her to be unable to perform the functions of her job. Because pain and psychological issues were involved, MetLife referred the matter to a fourth Independent Physcian Consultant, a psychiatrist. Instead of asking the correct question which had been posed to the second Independent Physician Consultant on appeal, i.e. what is the functional impairment, the question to the fourth Independent Physician Consultant was the issue suggested by the third Independent Physician Consultant, re-enforced by Dr. Anderson's diagnosis of major depression. The wrong question was posed to the fourth Independent Physician Consultant, a psychiatrist, i.e. is her pain the result of psychiatric illness. The psychiatrist answered the question posed to him. He said the pain is not the result of a psychiatric illness, but her pain could be caused by a *physical* disorder. He also said evaluation of functional impairment related to a *physical* disorder was not within his expertise. Instead of submitting the question about functional impairment resulting from physical disorder to a physician qualified to answer the question, the claim was denied on the basis that her pain was not the result of *psychiatric illness.*

Against this background in which MetLife, repeatedly submitted the medical information to different Independent Physician Consultants, submitted the claim to different claims persons for review, attempted to secure additional medical information from Samuel, re-opened consideration

4

of the claim after Samuel had exhausted her administrative remedies, gave Samuel's psychologist the opportunity to respond to the reports of MetLife's Independent Medical Consultants, had in its possession a report from Samuel's own treating orthopedic physician which said she could return to work full time without restrictions at her regular occupation, and had in its possession the observation from Samuel's psychologist Dr. Anderson that it was for the MetLife's medical doctors and claims persons to decide whether Samuel was disabled and entitled to benefits under the Plan, it is concluded that MetLife's submission of the wrong question was a human mistake, not the result of MetLife's conflict of interest. It cannot be concluded on this record that MetLife was trying to find a reason to deny Samuel's claim so it would not have to pay Plan benefits.

Under these circumstances and based upon an incomplete medical record it is not for a judge to weigh the evidence to make a decision based upon the existing record.. Samuel's psychologist is not a medical doctor. He said it was for the medical doctors to determine her functional impairments. One of her own treating doctors said she could return to work full time at her regular job without restrictions. Another of her treating doctors said she should not work at a job which required her to work in a static posture. It is appropriate for the matter to be remanded to MetLife to reconsider Samuel's claim by posing the correct question to an Independent Medical Consultant who is qualified to perform the evaluation the psychiatrist said he was unable to perform, and to let Dr. Anderson and Dr. Hansen respond. Then MetLife's claims persons can make the final determination about Samuel's entitlement to LTD benefits. If there is a denial of her claim after remand, Samuel can still assert in this case that MetLife abused its discretion.

Plaintiff's letter to the court entitled Motion for Reconsideration has been considered and the court's decision itself has been reconsidered, but the conclusion remains the same. The Clerk of

Court is directed to file plaintiff's letter as a motion. The motion is DENIED.

Dated this 22 day of April, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge