```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH DAKOTA
       SOUTHERN DIVISION
```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RANI H. SAMUEL, | * | CIV. 07-4051 |
| Plaintiff, | * | |
| -vs- | * | ORDER RE: BRIEFING |
| | * | (DOC.71) |
| CITIBANK, N.A., LONG TERM DISABILITY PLAN, a/k/a Citigroup Long Term Disability Plan, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This case has been winding its way through the court system since April 18, 2007, when plaintiff filed her complaint (Doc. 1). On March 13, 2009, an Order was filed remanding this case to MetLife to complete its review of Samuel's claim (Doc. 60). On April 22, 2009, an Order was filed denying Samuel's motion to reconsider the Order of remand (Doc. 62). On October 20, 2009, an Order was filed directing MetLife to file a status report by November 3, 2009. On November 3, 2009, MetLife filed a status report indicating that the decision to deny Samuel's claim for long term disability (LTD) had been upheld on review after remand (Doc. 68). The decision was dated November 2, 2009 (Doc. 68). On November 24, 2009, Samuel filed a motion to lift the stay which had been imposed contemporaneously with the Order of remand (Doc. 69). On January 8, 2010, an Order was filed lifting the stay and directing the parties to jointly file a status report outlining the items yet to be resolved, the proposed method for doing so, and a proposed Scheduling Order. On February 5, 2010, MetLife filed an affidavit to which was attached MetLife's claim file for Samuel after remand (Doc. 70).

On February 8, 2010, the parties jointly filed a status report (Doc. 71). In the status report the parties suggest there is a threshold issue and suggest a briefing schedule. The threshold issue is "whether the administrative record after remand should be reopened so that the Plaintiff's treating surgeon's records predating Plaintiff's 2008 surgery can be considered by the claims administrator." The parties suggest that if the court agrees, then the medical records can be secured and "the case would be remanded to the claims administrator for review."

On another review by MetLife only two outcomes can occur—another denial or a changed decision to award benefits until she returned to work. Disability benefits could obviously be paid only until she returned to work. The time in dispute is from May 23, 2006, until August 8, 2008, according to an e-mail from plaintiff's counsel to the court and defense counsel. Samuel's case has been reviewed on appeal by MetLife four times. Each review has resulted in a denial of her claim for benefits. Samuel's hope for a changed decision on a fifth review by MetLife is that the medical records which predated her surgery would indicate not only that surgery was necessary or desirable, but also that she was unable to work at that time, i.e. that she fell within the plan definition of total disability. MetLife in its November 3, 2009, status report cited *Midgett v. Washington Group International Long Term Disability Plan*, 561 F.3d 887 (8th Cir. 2009). One of the propositions *Midgett* stands for is that full and fair review does not mean there is to be "cycle of submission, review, re-submission, and re-review." *Id.* At 895. On the one hand Samuel objects that MetLife went outside the administrative record to make its decision on remand and on the other hand desires MetLife to outside the administrative record to consider other evidence it did not consider on remand.

It is ORDERED that counsel shall submit simultaneous briefs not later than March 4, 2010, addressing whether the medical records relating to Rani Samuel's surgery in June 2008, should be

reviewed by MetLife to determine whether information in those records will change MetLife's decision to uphold the denial of benefits on remand.

Dated February 11, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge