UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RANI H. SAMUEL, | * | CIV. 07-4051 |
| Plaintiff, | * | |
| -vs- | * | |
| | * | OPINION AND ORDER RE: |
| CITIBANK, N.A., LONG TERM DISABILITY PLAN, a/k/a Citigroup Long Term Disability Plan, | * | PLAINTIFF'S LETTER MOTION (DOC. 77) |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This Order is in response to plaintiff's letter of April 20, 2010, which is deemed to be a motion to permit discovery outside the administrative record (Doc. 77). Twice before motions to allow discovery outside the administrative record have been denied (Docs. 23 & 41). Plaintiff refers to a decision by another judge in this district to support the letter motion. *Hackett v Standard Insurance Company,* Civ. 06-5040, (Doc. 83). *Hackett* has been reviewed. It is distinguishable from this case. In *Hackett,* the conflict of interest could be a tie breaker under *Glenn. Metropolitan Life Ins. Co. v. Glenn,* – U.S. –, 128 S.Ct. 2343 (2008). *Glenn* was specifically considered and addressed in one of the earlier Orders denying discovery outside the administrative record:

> After the Order disallowing discovery outside the administrative record was filed the United States Supreme Court decided a pertinent case. *Metropolitan Life Ins. Co. v. Glenn,* — U.S. — , 128 S. Ct. 2343 (2008). The Supreme Court decided in *Glenn* that a plan administrator which both evaluates claims for benefits and pays benefit claims is operating under a conflict of interest. After *Glenn* the Eighth Circuit Court of Appeals observed that *Glenn* did not change the standard of review. *Wakkinen v. Unum Life Ins. Co. of America,* 531 F. 3d 575, 581 (8th Cir. 2008). In a plan which gives the plan administrator discretion to evaluate and pay claims under the ERISA,

the administrator's conflict of interest is one of the factors to be considered. *Id.* The conflict of interest can be a tiebreaker where the other factors are closely balanced. *Id.* *Wakkinen* adhered to the principle that "[w]e examine only the evidence that was before the administrator when the decision was made, and we are to determine whether a reasonable person could have- not would have- reached a similar decision. *Wakkinen* at 583.

(Doc. 41).

Previously in addressing one of plaintiff's motions to reconsider it was said:

In this case, however, the conflict of interest is not a tiebreaker to which the court needs to resort in the event of a tie. There is no tie.

(Doc. 62, p. 2).

Nothing has changed about that circumstance. There still is no tie. It was not and is not necessary to resort to the conflict of interest as a tie breaker.

It is ORDERED that plaintiff's letter motion to reconsider and to allow discovery outside the administrative record (Doc. 77) is DENIED.

Dated April 22, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge