FILED
MAY 21 2010
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RANI H. SAMUEL, | * | CIV. 07-4051 |
| Plaintiff, | * | |
| -vs- | * | |
| | * | OPINION AND ORDER |
| CITIBANK, N.A., LONG TERM | * | RE: CROSS MOTIONS FOR |
| DISABILITY PLAN, a/k/a Citigroup | * | SUMMARY JUDGMENT |
| Long Term Disability Plan, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is plaintiff's Motion for Further Judicial Review of Decision of Claims Administrator Following Order For Remand (Doc. 69). In the same motion plaintiff renewed "all previous motions including plaintiff's motion for attorney's fees" (Doc. 69). Plaintiff's motion (Doc. 69) is also a renewed motion for summary judgment (Doc 46). Also pending are defendant's motion for summary judgment (Doc. 47) and renewed motion for summary judgment (Doc. 80).

The remand Order provided: "This action is STAYED pending a final decision by MetLife. Within 30 days after a final decision by MetLife the parties may move to lift the stay and renew their dispositive motions based solely on the administrative record as supplemented by medical information as described in this Order."[1]

---

[1] In order to justify the conduct of MetLife's independent medical consultants for having gone outside the administrative record during remand by initiating conversations with staff of plaintiff's treating medical professionals about plaintiff's current status, MetLife has mischaracterized the Remand Order as including "instructions to open a dialogue with Claimant's physicians." (Doc. 85, p. 7). The Remand Order does no such thing:

## PROCEDURAL HISTORY

On March 13, 2009, an Order was filed remanding the case to MetLife for further administrative review of the medical information in the claim file with respect to plaintiff's claim for long term disability benefits (Doc.60). On October 20, 2009, an Order was filed directing counsel for defendant to provide a status report about the administrative review not later than November 3, 2009. On November 3, 2009, the status report was filed (Doc. 68). Attached was a

---

The case is REMANDED to the Plan Administrator, MetLife, for further administrative review and to answer the question, either with or without the assistance of an Independent Physician Consultant Review at the option of MetLife:

> Does *the medical information in the claim file* document functional limitations that preclude sedentary work requiring use of a computer and telephone and interaction with clients? (italics and bold added for emphasis).

*In the event* that MetLife refers the matter to an Independent Physician Consultant for further review, *then* Rani Samuel's Psychologist Anderson and Physician Hansen shall be provided an opportunity to respond to the report of MetLife's Independent Physician Consultant, following which MetLife's Independent Physician Consultant may reply to Rani Samuel's Psychologist and Physician.    (italics and bold added for emphasis).

MetLife after the fact stretched their interpretation of the Remand Order to attempt to justify the conduct of their independent medical consultants, but at the same time, based on clear Eighth Circuit precedent, ignored that part of the Remand Order which directed that plaintiff's medical professionals should be provided an opportunity to respond. If MetLife believed it appropriate to ignore the Remand Order to reconsider based on *the medical information in the file,* then it could also have provided an opportunity to plaintiff's medical professionals to respond despite the Eighth Circuit precedent that it is not required to do so. Better yet, MetLife could have both stayed within the administrative record as contemplated by the Remand Order and followed the Eighth Circuit precedent which was contrary to the Remand Order about the need to provide plaintiff's medical professionals an opportunity to respond to MetLife's independent medical consultants. Instead, MetLife inappropriately took both the benefit of their stretched interpretation of the Remand Order and the benefit of forbearance from that part of the Remand Order which it didn't like.

letter from MetLife dated November 2, 2009, addressed to plaintiff's counsel. The letter informed of MetLife's decision on remand. The decision was to uphold the denial of long term disability benefits. On November 24, 2009, plaintiff filed the instant motion and a motion to lift the Order staying litigation pending remand to MetLife (Doc. 69). On January 8, 2010, an Order was filed directing counsel to jointly file a report identifying the items yet to be resolved, their proposed method for doing so, and a proposed scheduling order. On February 8, 2010, a joint status report was filed (Doc. 71). On February 11, 2010, counsel were directed to submit simultaneous briefs not later than March 4, 2010, addressing the issue identified in the status report, i.e. whether the administrative record should be opened for plaintiff to include additional medical records because MetLife had gone outside the administrative record on remand (Doc. 72). Simultaneous briefs on the summary judgment motions were filed on April 26, 2010 (Docs. 81& 83). Simultaneous reply briefs were filed on May 10, 2010 (Docs. 84 &85).

## ANALYSIS

### Arguments of the Parties.

Plaintiff argues that MetLife was not able to make its decision on remand without supplementing the administrative record (Doc. 73). Plaintiff argues alternatively (1) that the denial of long term disability benefits on remand should be reversed, or (2) that plaintiff should be allowed to supplement the administrative record with additional medical records as a result of MetLife having gone outside the administrative record to make its decision on remand. Plaintiff relies on *Fiedor v. Qwest Disability Plan*, 498 F.Supp.2d 1221, 1234 (D.Minn.2007) to argue it is an abuse of discretion for a plan administrator to fail to credit a claimant's specific medical evidence without pointing to

contrary specific medical evidence or to reject a claimant's subjective complaints without making a determination about claimant's credibility. Plaintiff also argues that plaintiff's opinions come from treating physicians while MetLife's opinions come from doctors who merely reviewed medical records.

Defendant argues that the administrative record demonstrates that Rani Samuel was not entitled to long term disability benefits because she was not functionally impaired from performing her sedentary job (Doc. 74). Defendant also argues it was appropriate for MetLife not to provide an opportunity for plaintiff to respond to the reports from the consulting experts on remand as had been ordered in the Order of remand (Doc. 60) because the Eighth Circuit ruled to the contrary on this very issue within a month after the Order of remand was filed. *Midgett v. Washington Group International Long Term Disability Plan*, 561 F.3d 887 (8th Cir. 2009).

**Standard.**

The standard of review is the same as was applied when considering the motions for summary judgment originally. The deferential abuse of discretion standard of review applies to this review of MetLife's decisions. Review under the deferential standard is limited to evidence that was before the Plan Administrator. *Cash v. Wal-Mart Group Health Plan*, 107 F.3d, 637, 641 (8th Cir. 1997). Under the abuse of discretion standard, "we look to see whether [the plan administrator's] decision was reasonable. In doing so, we must determine whether the decision is supported by substantial evidence, which is more than a scintilla, but less than a preponderance." *Willcox v. Liberty Life Assurance Co. Of Boston*, 552 F.3d 693, 699 (8th Cir. 2009)(internal citations omitted).

**Reason for Remand.**

The reason for the remand was:

> The problem is that the wrong question was asked and answered. MetLife's question to Dr. Schroeder directed his responses away from the Plan definition of disability for LTD. The issue is whether Rani Samuel was disabled from performing her own occupation. The question put to Dr. Schroeder was whether Ms. Samuel's limitations are based on psychiatric illness which would prevent her from performing the duties of her sedentary job. The question should have been the same question put to Independent Physician Consultant Derrick Bailey upon appeal:[6] "Does the medical information in the claim file document functional limitations that preclude sedentary work requiring use of a computer and telephone and interaction with clients?" (AR 514).
>
> FN 6. If not the same exact question, the issue is functional impairment. Whether March 13, 2009 functional impairment was the result of a psychiatric illness or a physical disorder is not the issue.

Doc. 60, pp. 12-13.

**Limiting Consideration To Matters Within the Administrative Record.**

The administrative record contains all the records which should be reviewed:

> Whether the district court rightly admitted evidence outside the administrative record before conducting its de novo review is a different question. Such additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators. A district court may admit additional evidence in an ERISA benefit-denial case, however, if the plaintiff shows good cause for the district court to do so.

*Brown v. Seitz Foods, Inc., Disability Ben. Plan,* 140 F.3d 1198, 1200, (8th Cir. 1998) (internal quotation marks and citations omitted).

"We examine only the evidence that was before the administrator when the decision was made, and we are to determine whether a reasonable person could have– not would have– reached a similar decision." *Wakkinen v. Unum Life Ins. Co. of America,* 531 F. 3d 575, 581 (8th Cir. 2008).

Plaintiff argues she should be able to supplement the administrative record since MetLife itself gathered evidence outside the administrative record on remand. On remand two of MetLife's three independent medical consultants conferred with a nurse practitioner and a nurse respectively who work in two separate medical offices in which plaintiff was treated. Without considering the information obtained by the independent medical consultants outside the administrative record, there remains substantial evidence to support MetLife's decision on remand to uphold their denial of long term disability benefits. The evidence to support MetLife's denial is found within the administrative record and in the reports from the independent medical consultants where each refers to specific matters within the administrative record.[2]

MetLife's physical medicine and rehabilitation board certified specialist, Dr. Lewis, observed the objective findings are contrary to plaintiff's subjective complaints. Dr. Lewis noted there was "little in the way of objective examination findings" to support a claim that plaintiff is "musculoskeletally incapable of performing activities up to the moderate category of manual labor." Nerve conduction studies were unremarkable initially, then only mild later. The mild findings were not clinically significant. Physical examination was not consistent with left median nerve compression.

MetLife's occupational and emergency medicine board certified specialist, Dr. Antonelli, listed the historical medical findings and noted that Rani Samuel was "diagnosed with mild CTS and cervical disc disease," but said there "was no indication that [Ms. Samuel] was unable to work full

---

[2]Dr. Sugarman referred to matters which would commonly be expected to be found within medical records of a person suffering from certain debilitating psychological conditions but which were not recorded in plaintiff's medical records. The absence of mention about these findings in plaintiff's medical records was significant to Dr. Sugarman. These are discussed later in this opinion.

time." She noted there were some restrictions on her ability to work, including prolonged static postures at work. She described the results of a functional capacity test performed by plaintiff. The test included measurements of plaintiff's ability to lift, carry, push, and pull; to reach overhead while lifting; to reach; to bend, kneel, squat, or crouch, and crawl; to use stairs or step stool and ladder. As a result of the functional capacities test it was recommended that Rani Samuel should avoid prolonged static neck postures for more than 15-20 minutes at a time. She should take 1-2 stretch breaks for 2-3 minutes per hour. The aforementioned matters are all contained within the administrative record. Dr. Antonelli also mentioned some matters she learned outside the administrative record. Those matters have not been considered here.

The findings of Drs. Lewis and Antonelli constitute substantial evidence to support MetLife's decision to deny long term disability benefits to Rani Samuel without considering any of the opinions reported by the third independent medical board certified specialist consultant, Dr. Sugarman. Dr. Sugarman, nonetheless, reported opinions based on facts within the administrative record, disregarding what he learned from the nurse practitioner with whom he spoke to gather medical evidence outside the administrative record. Dr. Sugarman is a psychiatrist. He identified significant matters which would be expected to be in a medical history which reveals impairments based on mental conditions. Significant findings of that nature were absent from plaintiff's medical history. He reported plaintiff's mental health findings. He reported the absence of detailed clinical observations of abnormalities or mental status examination. Dr. Sugarman noted the references in plaintiff's medical history to depressed moods, crying spells, anhedonia, hopelessness, and thoughts of suicide. Yet there was an absence of observations or documentation in plaintiff's medical history of abnormal appearance, speech, behavior, mood, thought processes, observed affect and the ability

to perform mental functions. There was no documentation of testing of cognitive abilities, memory, and concentration. There was an absence of other psychiatric symptoms that are reliably recognized as impairing, e.g. suicidal or homicidal ideation that required risk management. There was no mention of severe fatigue due to mental illness, extreme psychomotor retardation or agitation, extreme mood liability, morbid disorganization, severely disturbed speech, impulsivity or poor judgments that required intervention, multiple panic attacks with agoraphobia, dissociative states, or substance abuse that required medical treatment. The level of care was less than would be expected for severe illness. There was no hospitalization or other intensive form of mental health treatment. Impairment was not described compared to symptoms of a physical problem to a global decrease in ability to function, e.g. associated impairments in activities of daily living, money management, socialization, driving or other use of transportation or performing daily tasks.[3]

Based on these medical reports from its independent medical consultants and based upon plaintiff's job description, MetLife's vocational rehabilitation consultant assessed whether Rani Samuel could perform her own occupation in accordance with the terms of the Plan. MetLife considered plaintiff as a customer service representative working in a phone center taking calls,

---

[3]The medical evidence that has been disregarded as being outside the administrative record is not mentioned for that very reason. It can be found at page four of MetLife's letter to plaintiff's counsel dated November 2, 2009. It is the first paragraph under the heading "The Independent Psychiatrist's Report."

Also, MetLife's statement of additional undisputed facts (Doc. 82, §§ 54, 57-63, the final sentence of 67, the phrase beginning with the word "and" in 71, & 72, are not accepted as facts.) All analyses by MetLife's independent medical consultants which could include facts gathered outside the administrative record have been disregarded. That is to say only conclusions of the three independent medical consultants on remand which can be traced to specific references within the administrative record have been considered. MetLife's vocational rehabilitation specialist performed his analysis based solely on matters within the administrative record.

assisting customers, and entering information into a computer. The vocational rehabilitation consultant determined that plaintiff's own occupation was best represented by the Dictionary of Occupational Titles occupation of Customer Service Representative/Customer Complaint Clerk, DOT code 241.367-014. The analysis itemized physical functions required to perform plaintiff's job and compared those functions with plaintiff's functional impairment evaluation. The vocational rehabilitation consultant concluded the Rani Samuel had the functional ability to perform full time sedentary duties such as those required by her own occupation as customer service representative as of February 3, 2006. That date, of course, is the date at which plaintiff's long term disability benefits were denied.

Based on this evidence a reasonable person could have reached the same decision. *Wakkinen v. Unum Life Ins. Co. of America*, 531 F. 575, 581, (8th Cir. 2008).


**MetLife's Obligation To Offer Plaintiff An Opportunity To Respond To Independent Medical Consultant Reports On Remand.**

The Order for remand included a directive to MetLife to offer plaintiff the opportunity to have their psychologist and medical doctor to respond in the event MetLife asked for further opinions from independent medical consultants (Doc. 60). The Eighth Circuit Court of Appeals addressed this very issue in *Midgett v. Washington Group International Long Term Disability Plan*, 561 F.3d 887 (8th Cir. 2009). *Midgett* is contrary to the Order. Under *Midgett* MetLife was not obligated to provide another opportunity to plaintiff to respond.

It is ORDERED that:

1. MetLife's motions for summary judgment are GRANTED (Docs. 47 & 80).

2. Plaintiff's motions are DENIED (Docs. 46 & 69).

Dated this 21 day of May, 2010.

BY THE COURT:

John E. Simko
United States Magistrate Judge